**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1534-17T3

MARIELA MARTINEZ,

    Plaintiff-Appellant/
    Cross-Respondent,

v.

KEVIN J. HERDER and NEWARK
POLICE DEPARTMENT,

    Defendants,

and

CITY OF NEWARK,

    Defendant/Third-Party Plaintiff-
    Respondent/Cross-Appellant,

v.

NATIONAL CONTINENTAL
INSURANCE COMPANY and
PROGRESSIVE INSURANCE
COMPANY,

    Third-Party Defendants.

_____

Argued August 1, 2019 – Decided September 5, 2019

Before Judges Whipple and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8529-14.

Michael F. Wiseberg argued the cause for appellant/cross-respondent.

Wilson David Antoine argued the cause for respondent/cross-appellant (Kenyatta K. Stewart, Acting Corporation Counsel, attorney; Wilson David Antoine, Assistant Corporation Counsel, on the briefs).

PER CURIAM

In this automobile negligence action, plaintiff Mariela Martinez appeals from a September 29, 2017 Law Division order granting defendant, City of Newark, summary judgment dismissal of her claim seeking payment of her medical expenses as an eligible injured person under her husband's special automobile insurance policy authorized by N.J.S.A. 39:6B-1(c) and as described in N.J.S.A. 39:6A-3.3. Plaintiff also appeals from the November 3, 2017 order denying her motion for reconsideration of the September 29, 2017 order. The

2

City filed a protective cross-appeal seeking affirmance of both orders. We affirm both orders.[1]

## I.

The underlying facts are undisputed. On March 5, 2013, a City truck operated by its employee, Kevin Herder, rear-ended the Hyundai Elantra operated by plaintiff and owned by her husband, Enzell Martinez. Enzell certified that on the day of the accident, he gave plaintiff permission to operate the Elantra "because she needed to use it to go to a job interview that day." At her deposition, plaintiff testified she and her husband owned two cars at the time of the accident and that she drove the Elantra "every other day." Plaintiff was uninsured on the day of the accident, but her husband had a special insurance policy with National Continental Insurance Company (NCIC) insuring the Elantra that only afforded emergency personal injury protection and death benefit coverage.[2] Enzell qualified for this special insurance because he was receiving Medicaid benefits at the relevant time. The NCIC policy is limited by N.J.S.A. 39:6A-3.3(a), which provides:

---

[1] On August 27, 2018, we denied the City's motion, M-8974-17, to suppress the appeal or strike portions of plaintiff's brief and appendix but permitted the City to present its arguments in its opposition brief.

[2] Commonly referred to as the Dollar-A-Day plan.

A-1534-17T3

In order to assist certain low income individuals in this State and encourage their greater compliance in satisfying the mandatory private passenger automobile insurance requirements, the Legislature intends to establish a special automobile insurance policy. The special automobile insurance policy shall be offered only to individuals who qualify for and are actively covered by designated government subsidized programs in the State. For the purpose of this section, "eligible low income individual" means an individual who meets the income criteria established by the commissioner by regulation. In setting the low income criteria, the commissioner shall limit availability to those persons eligible and enrolled in the federal Medicaid program.

Section N of Enzell's NCIC policy defined "named insured" as:

the person named as the insured on the Policy Declarations who is eligible for and enrolled in the Federal Medicaid program, as defined by the New Jersey Department of Banking and Insurance, and is a licensed, registered owner of a private passenger auto registered or principally garaged in New Jersey.

The NCIC policy defined dependent as a "dependent member of the named insured's family, as defined in the Federal Medicaid Program, who resides in the same household and is enrolled in the Medicaid Program as defined by the New Jersey Department of Banking and Insurance." Plaintiff admitted at her deposition that she is neither a named insured, nor a Medicaid covered family member under her husband's policy.

The policy defines an eligible injured person as:

4

1. the <u>named insured</u> or any <u>dependent</u> of the <u>named insured</u>, if the <u>named insured</u> or <u>dependent</u> sustains <u>bodily injury</u>

    a. as a result of any accident while occupying, entering into, alighting from, or using a <u>private passenger auto</u> . . . .

The NCIC policy only provided emergency injury protection benefits up to $250,000. In her certification submitted in opposition to the City's summary judgment motion, plaintiff stated, "[l]ess than [thirty] days before [the] collision, I became a citizen of the United States." "I therefore did not qualify for Medicaid on the date of the collision . . . ."

Following the accident, plaintiff was transported to University Hospital where she was evaluated, prescribed pain medication, and discharged that day. According to plaintiff, she sustained an L5-S1 disc herniation and disc bulges at C4-5, C5-6, and C6-7 and underwent "multiple epidural injections" as a result of the collision.[3] Our review of the record reveals no expert medical opinion was served on behalf of plaintiff addressing her diagnoses, prognoses, or permanency of any of her injuries proximately caused by the accident.

The trial court found "[n]either party disputes that [p]laintiff was not covered by Medicaid at the time of the accident[,]" and "[t]aking Section II(E)

---

[3] Plaintiff did not provide any healthcare records or reports in her appendix.

A-1534-17T3

on its face, however, to be eligible as a dependent of an insured an individual must be enrolled under Medicaid."  Therefore, the trial court concluded, "[p]laintiff is not covered under the NCIC special automobile insurance policy."

On appeal, plaintiff argues one point:  as a permissive user of her husband's vehicle on the date of the collision, she met the definition of an eligible injured person as defined in the NCIC special automobile insurance policy, entitling her to emergency medical expense coverage, even though she was not and could not be enrolled in the Medicaid program under a "catch-all" category for individuals injured while operating a vehicle but who are not a named insured or a dependent of the insured.  We see no merit to plaintiff's argument.

## II.

[W]e "review the trial court's grant of summary judgment de novo under the same standard as the trial court."  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).  A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."  R. 4:46-

2(c). The evidence must be viewed in "the light most favorable to the non-moving party[.]" Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012).

Determining whether there is a genuine issue for trial "does not require a court to turn a blind eye to the weight of the evidence; the 'opponent must do more than simply show that there is some metaphysical doubt as to the material facts.'" Triffin v. Am. Int'l Grp., Inc., 372 N.J. Super. 517, 523-24 (App. Div. 2004) (quoting Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992)). Opposition to a motion for summary judgment requires "competent evidential material" beyond mere "speculation" and "fanciful arguments[.]" Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005). To survive summary judgment, the opposing party must, with the benefit of all favorable inferences, show a rational factfinder could determine the plaintiff met her burden of proof. Globe Motor Co. v. Igdalev, 225 N.J. 469, 481 (2016).

The NCIC policy allows for payment of medical expense benefits for emergency care pursuant to Section IV(A)(1), "for bodily injury sustained by an eligible injured person, caused by an accident and arising out of the . . . use, including loading or unloading, of your insured auto . . . ." Plaintiff argues that

she satisfies the definition of an "eligible injured person" pursuant to Section II(E)(00) of the policy which defines the term as "1. the named insured or any dependent of the named insured, if the named insured or dependent sustains bodily injury[:]  a. as a result of any accident while occupying . . . or using a private passenger auto[,]" or "2. any other person who sustains bodily injury while occupying, entering into, alighting from, or using your insured auto with the permission of the named insured."

Here, viewing the facts most favorable to plaintiff, we cannot conclude that she is a permissive user entitled to benefits under the NCIC policy omnibus provision because she was not enrolled in Medicaid and was not Medicaid eligible at the time of the accident.

"In any matter requiring our consideration of a statute, our essential task is to understand and give effect to the intent of the Legislature." Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 263-64 (2008).  The Dollar-A-Day plan is the lowest cost automobile policy established by our Legislature with the stated purpose "to assist certain low income individuals in [New Jersey] and encourage their greater compliance in satisfying the mandatory private passenger automobile insurance requirements . . . ."  N.J.S.A. 39:6A-3.3(a); see also Sanders v. Langemeier, 199 N.J. 366, 376 (2009) ("the Dollar-A-Day plan [] is

available only to certain individuals who qualify as 'eligible low income individuals' <u>and</u> who are also enrolled in the Federal Medicaid Program.") (emphasis added). Plaintiff admittedly fails to satisfy this criteria. The Legislature's intent is clearly expressed and we see no basis to extend the Dollar-A-Day plan to a permissive user of a vehicle who has not been determined eligible under the statute at issue. This would be in derogation of the Legislature's intent, which is specifically defined.

To the extent we have not addressed any of plaintiff's remaining arguments, it is because they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E). In light of our decision, we do not need to address the issues raised in defendants' cross-appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1534-17T3